UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | CAUSE No.3:19CR38 DRL-MGG |
| HENRY E. WOOD, ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is the Defendant's Motion for Release on Pandemic/ Health Grounds [DE 45], and the Court scheduled a video telephonic (VTC) hearing for June 5, 2020. Appearing by VTC for the hearing for government was Assistant United States Attorney Frank Schaffer (on behalf of John M. Maciejczyk), and for Defendant was David P. Jones. The Defendant appeared by VTC from the St. Joseph County Jail, and prior to the hearing the Defendant consented to appear by VTC following consultation with counsel. The Court proceeded under the provisions of the CARES Act to conduct a hearing by VTC.

Pursuant to 18 U.S.C. § 3142, the Defendant requested a "temporary release" of a person in pretrial custody because such release from custody was "necessary for preparation of the person's defense or for another compelling reason." Id. at § 3142(i).[1] The motion proposed that the Defendant live at the home his mother and stepfather,

---

[1] The Court notes that 18 U.S.C. § 3142(i) applies to the release or detention of a defendant awaiting trial, not to a defendant who has already plead guilty and is awaiting sentencing. There is an absence of any authority for the use of § 3142(i) to temporarily release a defendant who has pleaded guilty. This issue was neither briefed nor argued by the parties, and the Court will not address arguments not raised by the parties; however, should the Defendant decide to appeal this recommendation, the parties may wish to address this topic to the Presiding Judge.

which is located in North Judson, Indiana. At the hearing, the Defendant asserted that he was not receiving appropriate medical care at the jail, that the jail had refused to treat him, and refused to pay for necessary treatment. Following the hearing, the Court took the matter under advisement to consult with the United States Marshal Service regarding the medical treatment being afforded to the Defendant at the St. Joseph County Jail.

The Court, having considered the motion and the arguments of counsel, FINDS that the potential for the Defendant to contract the COVID-19 virus or a related coronavirus is no greater in the St. Joseph County Jail than in the general population within the Michiana area. For example, as of today, Indiana reports 93 cases in Starke County (3 deaths), 579 cases in LaPorte County (26 deaths), 492 cases in Marshall County (6 deaths), 736 cases in Porter County (37 deaths), 1981 cases in St. Joseph County (68 deaths), 3320 cases in Elkhart County (51 deaths).

The Court further FINDS that, while the St. Joseph County Jail has reported less than a handful of COVID-19 cases among its inmates, the Jail has adopted various preventative protocol to protect against the exposure, transmission, and spread of the COVID-19 Coronavirus. The warden and the medical staff have isolated and tested all new inmates and have quarantined any staff who have had contact with a prisoner who tested positive for COVID-19. To date, there have been only five inmates who have tested positive for COVID- 19, and each of these inmates had been transferred into the Jail from a state correctional facility. Again, any inmates testing positive have been isolated from the general population, and protocols have been followed by jail staff to avoid inadvertently spreading the contagion among inmates and/or jail staff.

With respect to the Defendant's medical treatment while housed at the St. Joseph County Jail, Pamela D. Mozdzierz, the Supervisory Deputy U.S. Marshal, U.S. Marshals Service (USMS), reported the following:

(1)   She personally contacted Karen at the St. Joseph Co. Jail, and Karen reviewed the Defendant's medical file;

(2)   According to these jail records, the Defendant is receiving all seven prescribed medications, and there is nothing documented about his refusal to take his prescribed medication;

(3)   The Defendant has had dentist and doctor visits since his placement at the St. Joseph County Jail; and

(4)   The Defendant has a pending medical request for an eye exam, and that request is being reviewed by the USMS medical headquarters.

Based on the foregoing, the Court FINDS that Defendant is receiving appropriate medical care from the St. Joseph County Jail. Furthermore, the Court FINDS that the Jail has neither refused to provide the Defendant with medical treatment and medication nor refused to pay for his treatment.

While the Court is not unsympathetic to the Defendant's health concerns, an objective review of the present circumstances leads to the conclusion that Mr. Wood is receiving appropriate care and is safer inside the jail (with 5 reported cases and no deaths) than in the six-county area around North Judson (with 7341 reported cases and 191 deaths). Of course, this ruling is based on the present circumstances and a reasonable assessment of the present level of risk faced by the Defendant. Should

these factors change, the Defendant may always again petition the Court for a review of his circumstances.

For the reasons stated herein, I RECOMMEND Defendant's Motion for Release on Pandemic/Health Grounds [DE 45], be DENIED.[2]

Dated: July 8, 2020.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed.R.Crim.P. 59(b)(2). Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Hall,* 462 F.3d 684, 689 (7th Cir. 2006) ("When a right is waived, it is not reviewable, even for plain error"). Only specific objections are reserved for appellate review. *Lockert v. Faulkner*, 843 F.2d 1015, 1018 (7th Cir. 1988); *United States v. Harris,* 470 F. App'x 504, 506 (7th Cir. 2012).